**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUSUF IBRAHIM,<br><br>          Plaintiff,<br><br>     v.<br><br>FRANCIS MEO, et al.,<br><br>          Defendants. | Case No. 3:20-cv-1705 (BRM)<br><br><br>**MEMORANDUM ORDER** |

**IT APPEARING THAT:**

1. On or about February 5, 2020, Plaintiff Yusuf Ibrahim filed his complaint in this matter alleging various claims regarding to medical treatment for his shoulder and claims related to his alleged verbal mistreatment by certain prison guards. (ECF No. 1.)

2. On March 9, 2020, this Court granted Plaintiff *in forma pauperis* status. (ECF No. 2).

3. Because Plaintiff has been granted *in forma pauperis* status, and because Plaintiff is a convicted state prisoner suing Defendants employed by the state of New Jersey, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4.  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover,

while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff raises the following claims – a claim for deliberate indifference to medical needs related to the treatment he received for a shoulder injury suffered in 2016 against various Defendants, a second deliberate indifference claim against Sheriff's officers who ignored handcuff restrictions related to that injury during a jury trial in 2016, a third deliberate indifference claim in which Plaintiff asserts that Defendant Dr. Miller improperly denied him pain medication following surgery, a claim asserting that this denial of pain medication violates the Equal Protection Clause, a claim in which he asserts that a complaint he submitted pursuant to the Prison Rape Elimination Act ("PREA") was ignored, a First Amendment retaliation claim against Defendant Gutowski, and several Eighth Amendment claims in which he asserts that Defendants Gutowski and Valleau subjected him to cruel and unusual punishment through various untoward comments and verbal attacks.

7. Having reviewed the complaint, this Court finds no basis for the dismissal of Plaintiff's First Amendment retaliation claim as to Defendant Gutowski or Plaintiff's medical claim against Defendant Miller, and this Court will therefore permit those claims to proceed at this time.

8. Plaintiff's Eighth Amendment claims related to the verbal abuse he suffered at the mouths of Defendants Gutowski and Valleau, however, must be dismissed as "[v]erbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected

right and therefore is not actionable" under § 1983. *Durant v. Horn*, No. 07-93, 2007 WL 1575186, at *2 (D.N.J. May 30, 2007); *see also Brown v. Hamilton Twp. Pol. Dep't*, 547 F. App'x 96, 97 (3d Cir. 2013); *Salley v. Pa. Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999). The comments, perceived threats, and insults allegedly employed by Gutowski and Valleau may be reprehensible, but they do not suffice to state a claim for relief under the Eighth Amendment separate and apart from Plaintiff's retaliation claim, and are therefore dismissed without prejudice.

9. Plaintiff's attempt to raise a claim under the PREA likewise fails to state a valid claim for relief. "While the PREA was intended in part to increase the accountability of prison officials and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017) (quoting *Amaya v. Butler*, No. 16-1390, 2017 WL 2255607, at *5 (S.D. Ill. May 23, 2017)); *see also Krieg v. Steele*, 599 F. App'x 232, 232 (5th Cir. 2015); *Bowens v. Emps. Of the Dep't of Corr.*, No. 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd sub nom.*, *Bowens v. Wetzel*, 674 F. App'x 133, 136 *3d Cir. 2017). As such, PREA provides no basis for a stand-alone claim, and Plaintiff cannot create such a claim by "bootstrapping" PREA into a species of deliberate indifference claim under 42 U.S.C. § 1983. *Bowens*, 674 F. App'x at 137. Plaintiff's PREA claim against Defendant Emrich is therefore dismissed with prejudice.

10. In addition to raising a deliberate indifference to medical needs claim against Defendant Miller related to the denial of opioid pain medication, Plaintiff also attempts

to repackage his claim as an equal protection claim by alleging that providing him with opioid pain relievers in the prison's general population is no worse than providing suboxone to opioid addicts suffering from severe withdrawal symptoms. Plaintiff's situation – suffering from shoulder pain following surgery – however, is not similarly situated to that of an addict suffering from severe withdrawal symptoms in need of medication to treat that withdrawal to avoid serious complications. As Plaintiff has not pled that he is being treated differently from others who are similarly situated, Plaintiff cannot make out a valid equal protection claim. *See, e.g., Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000). Plaintiff's equal protection claim is therefore dismissed without prejudice.

11. In his two remaining claims, Plaintiff asserts two types of claim for deliberate indifference to his medical needs – one relating to his treatment for a shoulder injury, and one related to sheriff's officers refusing to make medical accommodations they were directed by medical staff to provide in relation to that injury.

12. Turning first to Plaintiff's claims against the sheriff's officers, that claim relates entirely to actions taken by the officers during a jury trial in 2016, approximately three and a half years before Plaintiff filed this case. Section 1983 actions in New Jersey are subject to a two-year statute of limitations which runs from the date the Plaintiff becomes aware of his injury. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). As the officers' actions took place more than two yeas before Plaintiff filed his complaint, and as Plaintiff was

immediately aware of his injury, his claims against those officers appear to be time barred and will be dismissed without prejudice as a result.[1]

13. In his final claim, Plaintiff seeks to hold various jail and prison medical staff liable for deliberate indifference to his medical needs related to a shoulder injury he suffered while exercising in 2016. In order to make out a claim asserting that Defendants have been deliberately indifferent to his medical needs, Plaintiff must plead facts indicating that he has a sufficiently serious medical need, and acts or omissions by Defendants indicating that they were deliberately indifferent to that need. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). An act or omission amounts to deliberate indifference where the act indicates that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). An inmates needs will be sufficiently serious to implicate such a claim where the need "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." M*onmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). Neither a prisoner's subjective dissatisfaction or disagreement with the professional judgment of medical staff as to

---

[1] Apparently aware of the time bar issue, Plaintiff offers only one possible basis for avoiding such a dismissal – his bald assertion that all of the shoulder related claims amount to a continuing violation of his rights. The "Continuing Violations Doctrine . . . is an 'equitable exception to the timely filing requirement,' which applies 'when a defendant's conduct is part of a continuing practice' and 'is more than the occurrence of isolated or sporadic acts.'" *Ozoroski v. Maue*, 460 F. App'x 94, 97 (3d Cir. 2012) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). The actions of the officers amounts to little more than sporadic acts unrelated to Plaintiff's treatment, and are thus not part of a continuing violation sufficient to toll the limitations period. *Id.* Should Plaintiff choose to file an amended complaint, he is free to reassert this claim to the extent he can provide some valid basis other than the continuing violation theory to avoid the applicable limitations period.

how best to deal with a medical issue are normally sufficient to establish deliberate indifference. *Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

14. As to the remaining Defendants, Plaintiff takes issue with the level of care he received in relation to his shoulder injury. Although Plaintiff believes the care he received was inadequate because he required surgery in June 2019 after he exacerbated his previous injury in a prison fight, both Plaintiff's own allegations and the documents he attaches to his complaint clearly show that he received treatment for his shoulder injury including several x-rays showing no serious issues, monitoring of the injury over a considerable period of time, and the offer of cortisone shots to manage the pain, and MRI once he exacerbated his injury, and surgery to repair issues found by the MRI. Plaintiff thus has not alleged a complete lack of treatment, but rather his disagreement with the course of treatment in the cold light of hindsight following his surgery. Plaintiff's allegations and the treatment records he provides are not indicate of deliberate indifference, and thus fail to state a plausible claim for relief as pled. Plaintiff's medical claims against the remaining Defendants are therefore dismissed without prejudice.[2]

**IT IS THEREFORE** on this 23rd day of November 2020,

---

[2] Although the Court need not reach the issue at this time, the Court does note that many of these medical claims relate to treatment which occurred wholly in 2016 and 2017, and claims based on those discrete medical appointments are thus most likely time barred. To the extent Plaintiff wishes to amend his complaint to add further allegations detailing the alleged deliberate indifference relating to these incidents, he should also indicate why these claims should not be dismissed as time barred.

**ORDERED** that Plaintiff's deliberate indifference claims against Defendant Dr. Miller and his First Amendment retaliation claims against Defendant Gutowski shall **PROCEED** at this time; and it is further

**ORDERED** that Plaintiff's PREA claim against Defendant Emrich is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants Miller and Gutowski pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants Miller and Gutowski shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**