UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| YUSUF IBRAHIM, | : | |
| | : | Case No. 3:20-cv-1705 (BRM) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM ORDER** |
| FRANCIS MEO, et al., | : | |
| Defendants. | : | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Yusuf Ibrahim ("Plaintiff"), upon the filing of civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On November 23, 2020, the Court entered a Memorandum Order dismissing several grounds for relief in the Complaint and proceeding the remaining grounds. (ECF No. 4.) Plaintiff's Complaint raised the following claims- a claim for deliberate indifference to medical needs related to the treatment he received for a shoulder injury suffered in 2016 against various Defendants, a second deliberate indifference claim against Sheriff's officers who ignored handcuff restrictions related to the shoulder injury during a jury trial in 2016, a third deliberate indifference claim in which Plaintiff asserts Defendant Dr. Miller improperly denied him pain medication following surgery, a claim asserting this denial of pain medication violates the Equal Protection Clause, a claim in which he asserts a complaint he submitted pursuant to the Prison Rape Elimination Act ("PREA") was ignored, a First Amendment retaliation claim against Defendant Gutowski, and several Eighth Amendment claims in which he asserts Defendants Gutowski and Valleau subjected him to cruel and unusual punishment through various untoward comments and verbal attacks. (*See* ECF No. 1.) The Court proceeded a medical claim against Defendant Miller for improperly denying him pain medication and a First Amendment retaliation claim as to Defendant Gutowski.

(ECF No. 4.) The deliberate indifference to Plaintiff's medical needs claim that related to the treatment for his shoulder injury was dismissed by the Court for failing to state a plausible claim for relief. (*Id.*) Plaintiff's deliberate indifference to medical needs claim that related to the sheriff's officers refusing to make the medical accommodations that were directed was dismissed by the Court as time barred. (*Id.*) The Court dismissed Plaintiff's equal protection claim regarding denial of opioid pain medication. (*Id.*) The Court dismissed any Eighth Amendment claims related to the verbal abuse Plaintiff suffered from Defendants Gutowski and Valleau. (*Id.*) The Court also found that Plaintiff's attempt to raise a claim under the PREA was dismissed for failing to state a valid claim for relief. (*Id.*)

On December 23, 2020, Plaintiff filed the instant Motion for Reconsideration of dismissed claims and notice of leave to file an amended complaint. (ECF No. 6.) Plaintiff alleges the delay of access to treatment for his shoulder supports a claim of deliberate indifference and reiterates the facts alleged in his Complaint. (*Id.* at 1-6.) Plaintiff argues his Eighth Amendment cruel and unusual punishment claims against Defendants Gutowski and Valleau should not have been dismissed because the comments were more than verbal abuse. (*Id.* at 6-9.)

"Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure." *Dubler v. Hangsterfer's Labs.*, No. 09-5144, 2012 WL 1332569 at *3 (D.N.J. Apr. 17, 2012) (citing *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999)). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)." *Id.* (citing *Compaction Sys. Corp.*, 88 F.Supp.2d at 345). In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).

In the motion, a party seeking to persuade the court that reconsideration is appropriate bears the burden in demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted); *see also Crisdon v. N.J. Dep't of Educ.*, 464 F. App'x 47, 49 (3d Cir. 2012) ("The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence.") (internal citation omitted).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration].").

Plaintiff is not alleging an intervening change in controlling law and has not presented new evidence previously unavailable. If Plaintiff is attempting to allege there is a need to correct a clear error of law or fact or to prevent manifest injustice, that argument is without merit.

Plaintiff's deliberate indifference argument simply reiterates the same facts regarding his course of treatment and cites to cases where a delay of treatment was found. (*See* ECF No. 6 at 1-6.) The Court thoroughly analyzed this claim and found Plaintiff's treatment records did not indicate deliberate indifference, and thus failed to state a plausible claim for relief as pled.

Plaintiff also fails to show any clear error of law relevant to his Eighth Amendment deliberate indifference claim regarding remarks made by Defendant Gutowski that were "meant

3

to incite violence." Plaintiff cites to cases where courts have found officers informing fellow prisoners that an inmate was a snitch constituted deliberate indifference (ECF No. 6 at 6-7), however, that is not a fact alleged in Plaintiff's Complaint and does not change the Court's analysis of Plaintiff's claim. Plaintiff also cites to *Montero v. Crusie*, 153 F. Supp. 368, 377 (S.D.N.Y. 2001), where summary judgment was denied when the plaintiff alleged that officers spread rumors throughout the prison that the plaintiff was gay, a child molester, and a rapist, which resulted in the plaintiff being confronted and threatened. (ECF No. 6 at 6-7.) Again, the facts in *Montero* were not alleged in Plaintiff's Complaint. Plaintiff fails to any clear error of law or fact.

Plaintiff's challenge to the dismissal of his Eighth Amendment claim of cruel and unusual punishment regarding comments made by Defendant Valleau that Plaintiff should kill himself is similarly meritless. In the motion for reconsideration, Plaintiff reiterates facts presented in the Complaint and then cites to cases where defendants made threats of physical violence against a plaintiff or threatened the plaintiff with a weapon, which are not factually similar to the assertions in Plaintiff's Complaint. (*See* ECF No. 6 at 7-9.) Plaintiff's again fails to show a clear error of law or fact. Plaintiff fails to meet his burden to persuade the Court that reconsideration of the Court's prior decision is appropriate.

Plaintiff also filed a notice of leave to file an amended complaint. (ECF No. 6-1.) Plaintiff's proposed amended complaint alleges three claims against Defendant Valleau regarding the comments that Plaintiff should kill himself. (*Id.*) Plaintiff again raises an Eighth Amendment cruel and unusual punishment claim regarding comments that Plaintiff should kill himself. Plaintiff also alleges Defendant Valleau's comments interfered with Plaintiff's access to mental health treatment. (*Id.*) Plaintiff finally alleges Defendant Valleau denied Plaintiff access to mental health

care in retaliation for Plaintiff seeking mental health treatment. (*Id.*) Plaintiff briefly reiterates facts that were already presented in the Complaint.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of court when justice so requires. Leave to amend pleadings is to be freely given. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. Pursuant to *Foman*, leave to amend may be denied on the basis of (i) undue delay, (ii) bad faith or dilatory motive, (iii) undue prejudice to the opposing party, and (iv) futility of amendment. *Id.*

A motion to amend is properly denied where the proposed amendment is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, courts use "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To determine if a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the [party] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, No. 09-3856, 2010 WL 918444, *2 (D.N.J. Mar. 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009).

Plaintiff's amendment to include an Eighth Amendment cruel and unusual punishment claim would be futile. As explained above, Plaintiff raised the claim Defendant Valleau's comments rose to the level of cruel and unusual punishment in his initial Complaint. (ECF No. 1.) The claim was dismissed by the Court (ECF No. 4) and reconsideration has been denied herein.

Plaintiff's proposed amendment to include a denial of access to mental health treatment would also be futile. Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This indifference can manifest in an intentional refusal to provide care, in delaying medical treatment for non-medical reasons, in the denial of prescribed medical treatment or reasonable requests for treatment that result in suffering or risk of injury. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993). Deliberate indifference can also be found where prison medical personnel continue with "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990). Plaintiff fails to allege any facts that Plaintiff was actually denied mental health treatment. The Court notes Plaintiff's original Complaint submits that when Defendant Valleau made to alleged comments, Dr. Patel from "psyche" was on the unit and Plaintiff reported the comments to Dr. Patel. (*See* ECF No. 1 a. 17-18.) There are no facts alleged that Plaintiff was in fact denied mental health treatment, thus, the proposed amended complaint is insufficient to state claim for deliberate indifference to a serious medical need.

Plaintiff's retaliation claim against Defendant Valleau also fails to submit "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's proposed amended complaint alleges "the denial of access [to mental health care] was in retaliation for requesting access to [his] mental health clinician." (ECF No. 6-1 at 2.) To state a First Amendment retaliation claim, a prisoner plaintiff must allege (1) "that the conduct which led to the alleged

retaliation was constitutionally protected"; (2) "that he suffered some 'adverse action' at the hands of the prison officials"; and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him," or more specifically, "that his constitutionally protected conduct was 'a substantial or motivating factor' in the decision" to take that action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Plaintiff makes a conclusory allegation that the adverse action was denial of access to his mental health clinician. *Ashcroft*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555) (noting threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.) However, as discussed immediately above, Plaintiff fails to present any facts to support a claim that he was denied access to his mental health clinician. Accordingly, Plaintiff's retaliation claim fails to plead a plausible claim. Based on the foregoing, the Court denies Plaintiff's request to file the amended complaint.

Accordingly,

**IT IS** therefore on this 20th day of May 2021,

**ORDERED** Plaintiff's Motion for Reconsideration (ECF No. 6) of this Court's November 23, 2020 Memorandum Order dismissing in part Plaintiff's Complaint in **DENIED**; and it is further

**ORDERED** Plaintiff's notice of leave to file an amended complaint (ECF No. 6-1) is **DENIED** as futile; and it is finally

**ORDERED** the Clerk of the Court shall serve a copy of this Memorandum Order upon Plaintiff by regular U.S. mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**